## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN HANNON, | : | No. 1:23-CV-1322 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MARK WAHL, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Sean Hannon initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Hannon challenges his 2018 state convictions related to child endangerment and serious driving infractions.  Hannon's habeas claims are either procedurally barred or meritless (or both), so the court will deny his Section 2254 petition.

## I.   BACKGROUND

In July 2018, following a jury trial, Hannon was convicted of multiple serious charges, including endangering the welfare of a child, driving under the influence (DUI)—highest rate of alcohol, recklessly endangering another person, driving while operating privileges are suspended or revoked, and permitting an unauthorized person to drive.  See Commonwealth v. Hannon, No. 3497 EDA 2018, 2019 WL 7371848, at *2 (Pa. Super. Ct. Dec. 30, 2019).  Hannon's convictions stemmed from an incident where he was severely intoxicated and

permitted his 11-year-old daughter to drive his vehicle with him and his 8-year-old son inside. Id., at *1. A good Samaritan, Ryan Yannone, noticed Hannon's truck driving erratically and violating traffic rules and called the police. Id. Hannon's vehicle eventually veered off the road and stopped under a pine tree, where Yannone witnessed the children exiting the vehicle and Hannon sliding into the driver's seat. Id. Yannone was able to put Hannon's truck in park and remove the keys from the ignition to keep Hannon from fleeing the scene. Id.

When the state police arrived, Hannon was visibly intoxicated and failed a field sobriety test. Id. The state trooper had also determined that Hannon's driver's license was suspended for a prior DUI. Id. When questioned by the trooper, Hannon first claimed that he had been driving. Upon learning that the trooper knew his license was suspended, he then changed his story and said that he never drove the vehicle. Id.

After Hannon failed the field sobriety test, he was arrested and taken to Wayne Memorial Hospital to have his blood drawn. Id., at *2. The blood test results revealed that Hannon had a blood alcohol content (BAC) of .228%, nearly three times the legal limit. Id. He was then transported to the Pennsylvania State Police barracks where he was given his Miranda warnings, after which he provided an inculpatory oral statement to state police. Id.

Following his trial and convictions, Hannon was sentenced to an aggregate term of imprisonment of 84 to 180 months.  Id.  He appealed, but the Superior Court of Pennsylvania affirmed his judgment of sentence.  Id., at *1, 5.  Hannon filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on June 1, 2020.  Commonwealth v. Hannon, No. 41 MAL 2020, 235 A.3d 269 (Pa. June 1, 2020) (table).

Hannon then timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq.*, on June 10, 2020.  See Commonwealth v. Hannon, No. 92 EDA 2022, 2023 WL 2441754, at *1 (Pa. Super. Ct. Mar. 10, 2023).  Counsel was appointed and filed an amended PCRA petition on December 29, 2020.  Id.  A hearing was held on Hannon's post-conviction claims in April 2021, and the PCRA court thereafter denied his PCRA petition.  See id.

On March 10, 2023, the Superior Court denied Hannon's PCRA appeal.  See id., at *1, 3.  He did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  Instead, he filed the instant Section 2254 petition in this court.  (See generally Doc. 1).  Respondent filed a response to Hannon's Section 2254 petition.  (See generally Doc. 20).  Hannon sought an extension of time to file a reply or "traverse," which the court granted.  (See Docs. 23, 24).

3

Hannon, however, did not file a traverse and the time in which to do so has passed, so his habeas petition is ripe for disposition.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §§ 2241-2254, mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.   Id. § 2254(b)(1)(A).  An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits. Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)); see also Johnson v. Williams, 568 U.S. 289, 302 (2013).

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play." Carpenter, 296 F.3d at 146 (citations omitted).  Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even if it implicates constitutional concerns.  Martinez v. Ryan, 566 U.S. 1, 9 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 747-48 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977)).

4

A few limited exceptions to this rule exist.  One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."  Id. at 10 (citing Coleman, 501 U.S. at 750).  "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  If cause and prejudice are established, the federal court reviews the claim de novo "because the state court did not consider the claim on the merits."  Bey v. Superintendent Greene SCI, 856 F.3d 230, 236 (3d Cir. 2017), cert. denied sub nom. Gilmore v. Bey, 138 S. Ct. 740 (2018) (mem.) (citation omitted).

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"  Carpenter, 296 F.3d at 146 (quoting Coleman, 501 U.S. at 750).  To satisfy the "fundamental miscarriage of justice" exception, a

petitioner typically will have to show actual innocence.  Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

## III.   DISCUSSION

Hannon raises four grounds for relief in his Section 2254 petition, although one of his grounds contains three subparts.  As best as the court can discern, Hannon asserts the following claims: (1) a Fourth Amendment violation involving the drawing of his blood for BAC testing; (2) Sixth Amendment violations based on trial counsel ineffectiveness for (a) failing to challenge the admissibility of the blood testing, (b) failing to move for a mistrial when it was discovered that the stenographer's recording device had stopped recording during part of his trial, and (c) allowing the jury to decide "facts of law [sic] that should have been ruled upon prior to trial"; (3) a Fourteenth Amendment procedural due process violation for "incomplete and fraudulent transcription of trial testimony" that prevented an effective appeal; and (4) a Fourteenth Amendment due process violation based on alleged prosecutorial misconduct. (See Doc. 1 at 5-12).

It appears that only one of these grounds for relief was raised and adjudicated on the merits through either direct or PCRA appeal: alleged ineffective assistance for failing to challenge the admissibility of the blood testing. See Hannon, No. 3497 EDA 2018, 2019 WL 7371848, at *2 (raising two issues on direct appeal: (1) abuse of discretion by trial court for denying Hannon's

6

motion to suppress his oral statements at the time of his arrest, and (2) abuse of discretion by trial court for granting prosecution's motion *in limine* to exclude Commonwealth witness's prior *crimen falsi* conviction); Hannon, No. 92 EDA 2022, 2023 WL 2441754, at *1, 2 (raising single claim of ineffective assistance of counsel for stipulating to admissibility of blood evidence that proved Hannon's BAC).  Failing to press the additional Section 2254 grounds for relief through one complete round of appellate review with adjudication on the merits means that Hannon has procedurally defaulted on these claims.  See Carpenter, 296 F.3d at 146.  Thus, Hannon has the additional burden of establishing cause and prejudice to overcome the procedural default of most of his claims before the court can consider their merits.  See id.

## A.    Ground One – Illegal Search Regarding Blood Testing

Hannon's first claim is that the BAC testing was administered without a warrant, consent, or proper warnings and therefore violated his Fourth Amendment rights.  Although Hannon exhausted a claim of ineffective assistance of counsel with respect to the admissibility of the blood testing results, he never raised or exhausted a standalone Fourth Amendment challenge regarding this issue.  Hannon appears to argue that his counsel is to blame for not properly preserving this Fourth Amendment claim, although he does not specify which attorney or attorneys are at fault.  (See Doc. 1 at 6 (alleging that "[m]ultiple court-

7

appointed, and a paid attorney, did not adequately represent me in asserting a violation of my rights under the 4th Amendment")).

It is true that, "in certain circumstances[,] counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to establish "cause" to excuse a procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488-89 (1986)). However, this constitutional claim of ineffective assistance of counsel must also be raised first in state court. "[T]he principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c)—require that constitutional claim [of ineffective assistance for failing to preserve the underlying claim], like others, to be first raised in state court. '[A] claim of ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards, 529 U.S. at 451-52 (quoting Carrier, 477 U.S. at 489).

As noted above, it appears that Hannon presented this ineffective-assistance claim in state court. See Hannon, No. 92 EDA 2022, 2023 WL 2441754, at *1, 2. The problem, however, is that Hannon's ineffective-assistance claim with respect to challenging the admissibility of the BAC testing is meritless, as will be discussed in greater detail below. This shortcoming dooms his ability

8

to establish "cause" to excuse procedural default of his underlying Fourth

Amendment claim.  See Preston v. Superintendent Graterford SCI, 902 F.3d 365,

375-76 (3d Cir. 2018) ("[A] procedurally defaulted ineffective-assistance-of-

counsel claim can serve as cause to excuse the procedural default of another

habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice'

standard with respect to the ineffective-assistance claim itself." (quoting

Edwards, 529 U.S. at 450-51)).

There is another compelling reason why Hannon's first habeas claim does

not warrant relief.  This Fourth Amendment claim is not cognizable on Section

2254 review.

It is well settled that "where the State has provided an opportunity for full

and fair litigation of a Fourth Amendment claim, a state prisoner may not be

granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial."  Stone v. Powell,

428 U.S. 465, 494 (1976); see also Wallace v. Kato, 549 U.S. 384, 395 n.5

(2007).  Even "[a]n erroneous or summary resolution" of a Fourth Amendment

claim by the state court "does not overcome the bar" provided by Stone.

Marshall v. Hendricks, 307 F.3d 36, 82 (3d Cir. 2002).

Hannon has not offered any reason why Stone v. Powell's holding does not

apply to his case.  For example, he has not shown that there was some

9

"structural defect" in the state criminal process that prevented him from raising a pretrial Fourth Amendment challenge to the blood testing.  See Marshall, 307 F.3d at 81-82; Boyd v. Mintz, 631 F.2d 247, 250-51 (3d Cir. 1980).  Nor has he established that the state court failed to properly apply United States Supreme Court precedent to his Fourth Amendment claim.  See Herrera v. Lemaster, 225 F.3d 1176, 1178 (10th Cir. 2000); United States ex rel. Bostick v. Peters, 3 F.3d 1023, 1027 (7th Cir. 1993).

Rather, Hannon's trial counsel filed an omnibus motion to suppress certain evidence, including Hannon's oral statements at the time of arrest.  That motion simply did not contain a challenge to the admissibility of the blood testing, likely because trial counsel did not believe there was a basis to suppress the results. See Hannon, No. 3497 EDA 2018, 2019 WL 7371848, at *2.  Hannon has proffered no reason why a Fourth Amendment challenge to the blood testing could not also have been asserted in that omnibus pretrial motion.  See Peters, 3 F.3d at 1027 ("Of course, the petitioner is not denied an opportunity for full and fair litigation of his claim if he fails to raise and to preserve the claim in state court." (citations omitted)).  Thus, because Hannon had an opportunity to fully and fairly litigate his standalone Fourth Amendment claim in state court, this court is barred from considering it on federal habeas review.  Stone, 428 U.S. at 494.

## B.    Ground Two – Ineffective Assistance of Counsel

A collateral attack based on ineffective assistance of counsel is governed by the familiar two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on such a claim, a criminal defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.  Id. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.  Id. at 689.  There is a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  Id. at 711 (citing Strickland, 466 U.S. at 689-90).  To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  Strickland, 466 U.S. at 694.  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant

makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

When a claim of ineffective assistance of counsel has been exhausted in state court, review of that claim by a federal habeas court is significantly circumscribed.  The federal court does not review the ineffectiveness claim *de novo*; rather, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable."  Harrington v. Richter, 562 U.S. 86, 101 (2011); Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 546-47 (3d Cir. 2014).  Under this "doubly" deferential standard, "so long as fairminded jurists could disagree on the correctness of the state court's decision," a state court's determination that a Strickland claim lacks merit precludes federal habeas relief. Harrington, 562 U.S. at 101, 105 (citation omitted).

Hannon asserts three claims of ineffective assistance of counsel: (1) failing to challenge the admissibility of the blood testing, (2) failing to move for a mistrial when it was discovered that electronic stenography recording had stopped during part of his trial, and (3) allowing the jury to decide "facts of law [sic] that should have been ruled upon prior to trial in regard to this being a 'course of conduct' case, which heightened the seriousness of the sentence imposed."  (Doc. 1 at 7). The court will address these claims in reverse order.

## 1.   IAOC – Allowing Jury to "Rule on Facts of Law"

At the outset, the court finds that Hannon's third ineffective-assistance claim is fatally vague and undeveloped.  He contends, in conclusory fashion, that his attorney "allowed a jury to rule on facts of law [sic] that should have been ruled upon prior to trial in regard to this being a 'course of conduct' case, which heightened the seriousness of the sentence imposed."  (Doc. 1 at 7).  This single sentence lacks adequate factual allegations to state a discernable habeas claim.  See 28 U.S.C. § 2254 Rule 2(c)(2) (requiring petitioner to provide "the facts supporting each ground" for relief); United States v. Thomas, 221 F.3d 430, 437-38 (3d Cir. 2000) (explaining that post-conviction claims that are "conclusory and too vague to warrant further investigation" may be summarily dismissed).  The court is simply unable to determine what Hannon is attempting to argue in this claim and whether it has to do with his pretrial proceedings, trial, or sentencing (or some combination thereof).[1]  Without pleading basic facts that explain the alleged error of trial counsel, this ineffective-assistance claim is unreviewable and must be dismissed.  See Thomas, 221 F.3d at 437-38.

Additionally, this claim is procedurally defaulted, as it was never properly presented in state court.  Hannon does not provide cause or prejudice to excuse

---

[1] Respondent does not address this assertion as a separate ineffective-assistance claim, but instead interprets it as an immaterial part of Hannon's ineffective-assistance allegations related to the BAC testing.  (See Doc. 20 at 17).

the default of this claim.  The only possible argument he raises is that his court-appointed appellate attorneys "never appealed all the issues [he] asked them to appeal." (Doc. 1 at 8).  This overly broad and conclusory assertion does not satisfy Hannon's burden to demonstrate cause and prejudice to excuse the default of this claim of ineffective assistance of trial counsel.  Hannon's first ineffectiveness claim, therefore, is unreviewable for the additional reason that it is procedurally defaulted.  See Martinez, 566 U.S. at 9.

### 2.   IAOC – Failing to Move for a Mistrial

Hannon next contends that his trial attorney was ineffective for failing to move for a mistrial when it "was learned that electronic stenography recording had stopped some time during testimony." (Doc. 1 at 7).  Hannon appears to be referencing an incident when the parties were summoned to an in-chambers conference with the trial judge and informed that during the previous day, when defense counsel had made several motions for dismissal of most of the charges at the close of the Commonwealth's case, "the tape did not record at all." (Doc. 1-6 at 3; Doc. 20-11 at 108).  This claim is meritless for two reasons.

First, Hannon did not properly present this ineffective-assistance claim to the state courts and therefore it is procedurally defaulted.  Like the foregoing ineffective-assistance claim, Hannon has not established cause or prejudice to

14

excuse the default of this claim with his general and conclusory statement that his appellate attorney did not preserve it.

Second, even if the court were to reach the merits of this claim, it still fails. When the trial court learned that there had been technical problems with a portion of the stenographer's recording from July 9, 2018, it immediately took steps to rectify the issue. The trial court held an on-the-record proceeding outside the jury's presence and required defense counsel to reassert the motions for dismissal that he had raised the prior day but which had not been recorded. (See Doc. 1-6 at 3-4). This curative process allowed an accurate record to be transcribed and gave defense counsel the opportunity to raise and preserve Hannon's sufficiency-of-the-evidence arguments for appeal.

Hannon has not explained how this incident would constitute a basis for a mistrial or why his trial attorney was ineffective for failing to move for one. Nor has Hannon provided any legal authority that would support his position. In light of the trial court's prompt and curative response, any motion for a mistrial based on the stenographic recording issue would have been patently frivolous. Thus, Hannon's trial attorney could not be deemed ineffective for failing to lodge such a motion. See Preston, 902 F.3d at 379 (citations omitted) (explaining that an attorney cannot be deemed ineffective for failing to raise a meritless argument).

15

### 3.    IAOC – Failing to Move to Suppress Blood Testing

The only exhausted Sixth Amendment claim that Hannon raises in ground two is his claim that trial counsel was ineffective for failing to challenge the admissibility of the BAC testing.  The Superior Court thoroughly examined this claim and affirmed the PCRA court's denial of it.  See Hannon, No. 92 EDA 2022, 2023 WL 2441754, at *2-3.  The panel reasoned that Hannon had not presented any evidence that his blood sample was mishandled during the two-day delay between the blood draw and its testing, and that "gaps in the chain of custody go to the weight, rather than admissibility of the evidence in question."  See id. (citing Commonwealth v. Cugini, 452 A.2d 1064, 1065 (Pa. Super. Ct. 1982)).

The Superior Court's determination of this Strickland claim was both reasonable and correct.  In essence, the Superior Court found that Hannon had failed to establish any basis for suppressing the blood testing due to the purported chain-of-custody issues, and therefore his trial attorney could not have performed deficiently by stipulating to its admission.  No Strickland prejudice analysis was required because there was no deficient performance.

The court observes that Hannon still has not established a valid basis for suppressing the BAC testing.  In his Section 2254 petition, he shifts course from his PCRA appeal (in which he alleged chain-of-custody issues) and instead asserts that the sample was taken without a warrant, consent, or proper

16

warnings.  But this bald allegation is unsupported by any evidence.[2]  Additionally,

it is directly contradicted by the factual findings of the PCRA court:

> Now, as to the portion of the claim that the blood was improperly obtained, I find as follows: *First, I did not and do not find credible Defendant's assertion that there was no consent, you know, that blood was drawn at a hospital by medical personnel, and the trooper filled out the proper forms*.  In any event, Defendant did not prove that the — or establish that the blood was unconstitutionally obtained and did not provide any legal analysis with respect to the suppression, which, of course, would be needed to have a claim not only of arguable merit but could have affected the outcome of the case.

(Doc. 20-14 at 25 (emphasis added)).  These state-court findings of fact are

owed significant deference and are "presumed to be correct" unless the

petitioner can rebut that presumption by "clear and convincing evidence."

28 U.S.C. § 2254(e)(1).  Hannon has presented no rebuttal evidence, let

alone evidence that is "clear and convincing."

Here, Hannon has failed to carry his burden to establish how the state

court's determination on this claim was an unreasonable application of

Strickland.  And because this ineffective-assistance claim is meritless (under

either *de novo* review or through the lens of AEDPA deference), it cannot

constitute "cause" to excuse procedural default of the underlying Fourth

---

[2] Hannon attaches a blank PennDOT "Chemical Testing Warnings and Report of Refusal to Submit to a Blood Test" form and a copy of the stipulation of facts as to the BAC chain of custody and results.  (See Docs. 1-1, 1-2.)  Yet neither of these documents provides any evidentiary support for Hannon's claim that he did not consent to the hospital blood draw.

Amendment claim.  See supra Section III(A).  Hannon's final claim of ineffective assistance of counsel, therefore, does not warrant habeas relief.

### C.   Ground Three – Due Process Violation (Transcript)

In Hannon's third ground for relief, he claims that there was "[i]ncomplete and fraudulent transcription of trial testimony." (Doc. 1 at 9).  This claim appears to involve the issue of the stenographic recording failure, as well as allegations that a "[p]rejudicial and false statement the prosecutor made to the jury during closing arguments[3] vanished from the transcript, along with testimony that [he] was given blood test warnings," thus signifying that the "[t]ranscripts were edited." (Id.)  Hannon contends that these due process violations "hindered and prevented an effective appeal." (Id.)

First, this due process claim is procedurally defaulted.  Liberally construed, Hannon's petition seems to argue that his appellate counsel was constitutionally ineffective for failing to raise this transcript-based claim on appeal, resulting in the claim not being preserved or exhausted.  This ineffective-assistance-of-appellate-counsel claim, however, was not properly raised or exhausted in state court, so it cannot excuse procedural default of the underlying due process claim. See Edwards, 529 U.S. at 451-52.

---

[3] Hannon never articulates what the prosecutor's purportedly "prejudicial and false" statement during closing arguments was.

To the extent that Hannon may argue that his procedural default can be excused based on his PCRA counsel's deficient performance—thus invoking the narrow exception to procedural default established in Martinez v. Ryan—he cannot do so.  In Martinez v. Ryan, the Supreme Court held that a federal habeas petitioner can overcome procedural default of a "substantial" trial counsel ineffective-assistance claim if the petitioner can show that his post-conviction counsel was ineffective in initial-review collateral proceedings.  Martinez, 566 U.S. at 9, 14.

Initially, the court observes that here Hannon asserts a standalone due process claim, the procedural default of which cannot be excused by the narrow Martinez exception.  Further, even if Hannon were asserting a claim of ineffective assistance of appellate counsel, the Supreme Court has explicitly held that the Martinez exception only applies to defaulted claims of trial counsel's ineffectiveness and does not extend to defaulted claims of ineffective assistance of appellate counsel.  See Davila v. Davis, 582 U.S. 521, 524-25 (2017).

Additionally, Hannon provides no evidence or legal support for his unadorned, conclusory allegation that the trial transcript was fraudulently altered. He does not even specify what prejudicial and false statement the prosecutor allegedly made during closing arguments.  Such broad and conclusory allegations do not warrant an evidentiary hearing, let alone habeas relief.  See

19

Palmer v. Hendricks, 592 F.3d 386, 395 (3d Cir. 2010) (noting that court of appeals has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition" (citation omitted)).  For both of the foregoing reasons, ground three provides no basis for relief.

### D.   Ground Four – Due Process Violation (Prosecutorial Misconduct)

Hannon's final ground for relief asserts that the Commonwealth "continued to prosecute this case fully knowing that [his] rights under the 4th Amendment were violated" insofar as his "blood was taken illegally without a warrant, consent, or blood test warnings." (Doc. 1 at 10).  This claim fails for precisely the same reasons as his previous procedural due process claim.  That is, Hannon procedurally defaulted on this claim and has not provided cause or prejudice to excuse the default, and he has failed to support his claim with any evidence or legal authority.

Here, Hannon argues that he did not raise this due process claim in state court because neither of his trial attorneys "would address the issue of prosecutorial misconduct." (Doc. 1 at 11).  However, this apparent claim of ineffective assistance of trial counsel was not raised or exhausted in state court, and therefore it cannot excuse Hannon's procedural default of the underlying due process claim.  See Edwards, 529 U.S. at 451-52.

Furthermore, Hannon once again provides no evidence, legal authority, or other support to bolster his conclusory assertion of misconduct by the Commonwealth.  This court lacks authority to grant habeas relief on unadorned, cursory allegations of prosecutorial misconduct.  That is particularly so when, as explained above, the state court found that Hannon's allegations of a nonconsensual blood draw lack credibility and he has not rebutted those findings with countervailing evidence, much less clear and convincing evidence.  Simply put, if Hannon consented to the blood draw—as the PCRA court determined following a hearing—there could be no prosecutorial misconduct for seeking to admit the BAC results at trial.  Hannon's final habeas claim, therefore, warrants no relief.

## IV.   CONCLUSION

Based on the foregoing, the court will deny Hannon's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The court will likewise deny a certificate of appealability, as Hannon has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this court's procedural rulings are

correct, <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  An appropriate Order

follows.

**Date:** _6/25/24_

                                        **BY THE COURT:**

                                        **JUDGE JULIA K. MUNLEY**
                                        **United States District Court**